**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JOSUE HERNANDEZ RODRIGUEZ,
Petitioner,
v.

CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center; PATRICK DIVVER, Field Office Director, Enforcement and Removal Operations, Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, Department of Homeland Security; TODD BLANCHE, Attorney General, Department of Justice; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; EXECUTIVE OFFICE OF IMMIGRATION REVIEW; and DEPARTMENT OF HOMELAND SECURITY;

Respondents.

Case No.: 3:26-cv-04590-BTM-VET

**ORDER GRANTING PETITION FOR HABEAS CORPUS**

**[ECF NO. 1]**

Josue Hernandez Rodriguez petitioned the Court for the writ of habeas corpus on August 11, 2026. (ECF No. 1.) He claims that his mandatory detention under 8 U.S.C. § 1225(b) is based on a legal error and that the Respondents violated the Due Process Clause of the Fifth Amendment by revoking his parole without notice and opportunity to be heard. (*Id.*, 20–21.) The Respondents concede that in light of *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), noncitizens like Hernandez Rodriguez who were detained in the interior of the United States are subject to § 1226(a) and not § 1225(b). (ECF No. 4 ("Return"), 2.) The Respondents also acknowledge that Hernandez Rodriguez was previously released from custody on conditional parole. (*Id.*)

The Court analyzed the same issue in *Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026), and *Zamudio Rangel v. LaRose*, No. 26-cv-01505, 2026 WL 1075244 (S.D. Cal. Apr. 20, 2026). The Court adopts its previous decisions and applies them here. The Court finds that Hernandez Rodriguez was granted conditional parole after Border Patrol detained him upon entry and then released him into the country. The Court also finds that, in light of the *Mathews v. Elridge* factors, Hernandez Rodriguez's liberty interest and the procedural protections afforded that interest outweigh the Respondents' enforcement interest. *See* 424 U.S. 319, 334–35 (1976).

The Respondents violated Hernandez Rodriguez's due process rights by "detaining [him] without justification." *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1158 (D. Minn. 2025); *cf. Niz-Chavez v. Garland*, 593 U.S. 155, 172 (2021). The Respondents did not give him notice of any reason for his detention or an opportunity to rebut it. The Respondents do not contend that any changed circumstances warranted Hernandez Rodriguez's redetention or that he is a danger to the community or a flight risk. Thus, the writ must issue to release him from custody.

//

//

//

//

The petition for a writ of habeas corpus is **GRANTED** and the writ is **ISSUED**. The Respondents shall immediately release Hernandez Rodriguez from custody on any preexisting conditions. The Respondents are ordered to provide Hernandez Rodriguez with any reporting requirements and a date for his next hearing before an Immigration Judge for his asylum claim. The parties shall file a joint statement as to the satisfaction of the writ by September 11, 2026 at 12 p.m. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated: September 9, 2026

Honorable Barry Ted Moskowitz
United States District Judge